# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PHILIP PADILLA,

              Plaintiff,

v.

DISTRICT ATTORNEY EDWARD BURKE, JAMIE KUHN, TODD SIMON, and MICHAEL T. JUDGE,

              Defendants.

Case No. 24-CV-821-JPS

**ORDER**

**1. INTRODUCTION**

On July 1, 2024, Plaintiff Philip Padilla ("Plaintiff"), proceeding pro se, filed this action alleging that District Attorney Edward Burke ("Burke"), police officer Jamie Kuhn ("Kuhn"), defense attorney Todd Simon ("Simon"), and state judge Michael T. Judge ("Judge") (collectively, "Defendants") violated his rights. ECF No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. ECF No. 2. This Order screens Plaintiff's complaint and, finding that it presents significant pleading deficiencies, grants Plaintiff leave to file an amended complaint that corrects those deficiencies. Accordingly, the Court defers ruling on Plaintiff's motion for leave to proceed without prepaying of the filing fee. If Plaintiff does not file an amended complaint by the below-stated deadline, or files an amended complaint that remains deficient, the Court will dismiss this case without prejudice and deny as moot Plaintiff's motion for leave to proceed without prepayment of the filing fee.

## 2. MOTION TO PROCEED IN FORMA PAUPERIS

A party proceeding pro se may submit to the court a request to proceed without prepaying the otherwise required filing fees, otherwise known as a motion to proceed in forma pauperis.[1] "The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits." *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Nietzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. It must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). The Court must also examine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

---

[1] Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner *pro se* litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997) (superseded by rule on other, inapplicable grounds); *see also Mitchell v. Farcass,* 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring).

It follows that a litigant whose complaint does not clear the 28 U.S.C. § 1915(e)(2) threshold or does not plead claims within the Court's subject matter jurisdiction, and whose case cannot proceed as a result, necessarily cannot reap the benefits of proceeding in forma pauperis. In other words, although in forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.* 461, F.2d 649, 651 (7th Cir. 1972), a pro se litigant's financial status is only part of the picture in determining whether the litigant's case may proceed without payment of the filing fee.

For the reasons stated in the next section, it is not yet clear whether Plaintiff's complaint clears the 28 U.S.C. § 1915(e)(2) threshold. Accordingly, the Court will not yet consider whether Plaintiff's financial circumstances entitle him to proceed in forma pauperis until it has had a reasonable opportunity to assess whether Plaintiff can amend his complaint such that it clears the § 1915(e)(2) threshold.

3.  **SCREENING THE COMPLAINT**

    **3.1  Legal Standard**

As noted above, when a pro se litigant seeks to proceed in forma pauperis, the Court must screen the litigant's complaint prior to service on defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2); or the case is outside of the Court's subject matter jurisdiction, Fed. R. Civ. P. 12(h).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke*, 490 U.S. at 325); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F.

Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 3.2 Plaintiff's Factual Allegations

Although Plaintiff does not say so, his allegations appear to relate to a past state criminal case. *See State of Wisconsin v. Philip J. Padilla*, Oconto County Case No. 2017CF000101, *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2017CF000101&countyNo=42&index=0&mode=details (last visited Aug. 5, 2024) (hereinafter the "State Case").[2] In that case, Plaintiff entered a no-contest plea, and accordingly was adjudicated guilty, of one count of enticing a child to engage in sexual contact; he faced another charge which was eventually dismissed. *Id.*, "Charges" section. He was sentenced in March 2018 to fifteen months of imprisonment followed by three years of extended supervision. *Id.*, "Charges" section and Mar. 2, 2018 docket entry. The record in the State Case shows the involvement of three of the Defendants named in the instant case—Simon as Plaintiff's defense attorney, Burke as one of the prosecuting attorneys, and Judge as the presiding judge. *See generally id.*

In the instant case, Plaintiff states that he traveled to Wisconsin for a sports game, and during that time "placed a Craigslist ad seeking an older woman." ECF No. 1 at 2. Plaintiff goes on to say that Kuhn "kept persistently harassing [him] even though [he] said no." *Id.* Plaintiff further alleges that Kuhn "lied in [a] police report that [he] tried to lure a child into

---

[2]The Court may take judicial notice of public records, including state court records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

[his] car." *Id.* Plaintiff gives little detail about what happened between him and Kuhn, but the Court understands him to be arguing, essentially, that Kuhn entrapped him into committing the sex offense with which he was charged.[3] He also alleges that Kuhn "had [his] phone destroyed." *Id.* Plaintiff states that Kuhn "had to ask for permission to arrest [him] back in August of 2017" (perhaps referring to a warrant, it is unclear from this statement what Plaintiff believes the problem was). *Id.*

Plaintiff alleges that at the time of either his arrest or his detention, Kuhn and two other female officers held him at gunpoint. *Id.* He states that these officers stripped him of his clothing and put him in a "frigid, isolated cell for over a month." *Id.* During that time (though he does not say specifically when), officers "laughed and made jokes as [he] was chained to the table." *Id.*

Plaintiff also expresses dissatisfaction with Simon's representation of him during the criminal case. *Id.* at 4. He says Simon "wasn't willing to fight for [him]" and seems to take issue with the advice Simon gave him to enter a no-contest plea. *Id.* ("He told me he could only get me probation if it were any other county but Oconto. He told me I wouldn't know what type of jury I would get.").

Next, Plaintiff takes issue with the State Case itself and how Judge administered it. *Id.* Plaintiff complains that Judge stated at sentencing that

---

[3] Based on a media report about his case, it appears that Kuhn, posing as a minor, responded to Plaintiff's Craigslist ad. Plaintiff arranged to meet up with the person he believed was a minor; when he arrived at their agreed-upon location, a police officer arrested him. Plaintiff did not have sexual contact with anyone on that occasion. *See* Kent Tempus, *A Pennsylvania man came for a Packers game. He drove to Oconto Falls and ended up in prison*, GREEN BAY PRESS GAZETTE, June 3, 2018, [perma.cc/C2Y3-6PTS] (last visited Aug. 5, 2024).

Plaintiff met with a child when in fact no meeting or contact had occurred. *Id.*

Plaintiff then states that the state court held a *Machner* hearing, *id.*, which is a hearing on a motion for postconviction relief based on allegedly ineffective assistance of trial counsel. *See Sholar v. Stevens*, Case No. 23-CV-0066-BHL, 2024 WL 1759245, at *3 (E.D. Wis. April 24, 2024) (citing *Lee-Kendrick v. Eckstein*, 38 F.4th 581, 586 (7th Cir. 2022) and *State v. Machner*, 285 N.W. 2d 905, 908–09 (Wis. Ct. App. 1979)). The state court held what appears to be a *Machner* hearing in November 2018. State Case, Nov. 28, 2018 docket entry. A new attorney represented Plaintiff at that hearing; Plaintiff states that "the officers ha[ving] to seek permission to arrest [him]" was the reason why the new attorney appeared (again, it is unclear from this statement what Plaintiff believes was wrong or incorrect about how the officers sought permission to arrest him). ECF No. 1 at 4.

Plaintiff also alleges that, at this hearing, Burke lied about Plaintiff meeting a child, and used the threat of the other charge against Plaintiff (which was dismissed) against him. *Id.* State court records show that Plaintiff did not pursue any further appeal after the *Machner* hearing, though Plaintiff attempted to contact Judge several times and the Court at one point sent him an application for executive clemency. State Case, Dec. 10, 2019, May 17, 2021, June 19, 2023 and July 12, 2023 docket entries.

For relief, Plaintiff "want[s] [his] name cleared," which, in light of Plaintiff's allegations about the defects in his prosecution and defense, the Court understands as a request for his criminal conviction in the State Case to be overturned or otherwise rescinded. *Id.* at 5. He also wants to be taken off of the sex offender registry. *Id.* at 5. He does not specifically state that he is seeking any monetary damages. *Id.* (stating "N/A" as "the amount of

money at stake in this case"). However, he does state that he wants "relief for pain and suffering" and implies that Defendants' actions have impacted his ability to work and earn money. *Id.* He references "defamation" as a claim for relief as well. *Id.*[4]

**3.3 Analysis**

The Court understands Plaintiff's complaint to attempt to raise the following claims:

- A claim that his conviction in the State Case is invalid because (1) Kuhn entrapped him, (2) Kuhn lied in the police report, and/or (3) because of some problem with the warrant that authorized his arrest (though the exact nature of such a problem is unclear from Plaintiff's allegations);

- A claim that Simon was constitutionally ineffective as a defense lawyer, contributing to an unfavorable outcome in the State Case, in violation of the Sixth Amendment;

- A claim that Judge and/or Burke lied or otherwise acted improperly during State Court proceedings, contributing to an unfavorable outcome in the State Case;

- A claim that Plaintiff was subjected to excessive force when officers drew guns on him, in violation of the Fourth Amendment;

- A claim that Plaintiff was subjected to unconstitutional conditions of confinement when he was kept without clothing in a frigid, isolated cell and chained to a table during his pretrial detention, in violation of the Fourth Amendment.

---

[4]Plaintiff shows uncertainty about whether to characterize his case as asserting a violation of his rights under federal law or instead as proceeding on state law claims through diversity jurisdiction. ECF No. 1 at 5. As explained in the next section, Plaintiff raises allegations that typically proceed as federal civil rights claims, so the Court treats them as such.

There are a number of problems with Plaintiff's complaint. First of all, Plaintiff's complaint fundamentally asks that this Court revisit the outcome of the State Case and find him innocent of those charges—in his own words, what he wants "[m]ost of all" is to have his "name cleared." *Id.* The federal court cannot provide this relief through a civil lawsuit like the one Plaintiff has filed. "Plaintiff may not seek to have his conviction overturned under 42 U.S.C. § 1983." *Moore v. Wisconsin,* No. 19-CV-124-JPS, 2019 WL 3858633, at *2 (E.D. Wis. Aug. 16, 2019). "Plaintiff's recourse, if he wishes to attack the validity of his conviction, is to . . . have the . . . conviction overturned, 'either in state proceedings or through a federal collateral attack under 28 U.S.C. § 2254,'" i.e., a federal petition for habeas corpus. *Id.* at *4 (quoting *Henderson v. Bryant*, 606 F. App'x 301, 304 (7th Cir. 2015)).

Plaintiff may well find himself ineligible for federal habeas relief at this juncture. It appears that his term of imprisonment and extended supervision are complete, so although he is still required to register as a sex offender, he does not meet the in-custody requirement to challenge his conviction with a habeas petition. *Virsnieks v. Smith*, 521 F.3d 707, 718 (7th Cir. 2008) ("[C]ourts have rejected uniformly the argument that a challenge to a sentence of registration under a sexual offender statute is cognizable in habeas." (collecting cases)). Any petition for habeas corpus may also be barred by the statute of limitations, the requirement to exhaust state court remedies, and/or the doctrine of procedural default. 28 U.S.C. § 2244(d) (explaining timeliness requirements for habeas petitions); *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991) (explaining exhaustion requirement that a district court may not address grounds raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them" (citing

*United States ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1131–32 (7th Cir. 1990))); *Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002) (explaining procedural default doctrine whereby claims in habeas may be dismissed if the habeas petitioner failed to "comply with state rules" for presenting such a claim (citing *Boerckel v. O'Sullivan*, 135 F.3d 1194, 1196–97 (7th Cir. 1998), *rev'd on other grounds by O'Sullivan v. Boerckel*, 526 U.S. 838, 849 (1999))). The Court takes no position on whether Wisconsin state law would permit him to seek postconviction relief at this stage; if Plaintiff wants to do that, he must do so in Wisconsin state court, not the federal court.

Further, the Court may not correct for the likely unavailability of habeas relief by permitting Plaintiff to proceed on his claims that imply the invalidity of his conviction in a § 1983 lawsuit. *See Savory v. Cannon*, 947 F.3d 409, 430 (7th Cir. 2020) (holding that *Heck v. Humphrey*, 512 U.S. 477 (1994) "controls the outcome where a section 1983 claim implies the invalidity of the conviction or sentence, regardless of the availability of habeas relief"). For this reason, Plaintiff's claims that challenge the validity of his conviction—that is, his claims that his conviction is invalid because of Kuhn's conduct and/or defects with the warrant; his claim of ineffective assistance of counsel against Simon; and his claim of misconduct against Burke and Judge—cannot proceed through the present lawsuit. Though it is not clear whether Plaintiff is seeking monetary damages at all, he can only seek monetary damages from Defendants for their conduct in his state criminal investigation and prosecution if his conviction for the underlying crime is overturned. *Moore*, 2019 WL 3858633, at *4.[5]

---

[5]As explained below, Plaintiff may be able to proceed against Kuhn for claims of excessive force and/or unconstitutional conditions of confinement. But Plaintiff's claims that Kuhn entrapped him, falsified information on the police

Page 10 of 15
Case 2:24-cv-00821-JPS   Filed 08/05/24   Page 10 of 15   Document 5

On the other hand, Plaintiff's claims that (1) he was subjected to excessive force when officers drew guns on him, in violation of the Fourth Amendment, and that (2) he was subjected to unconstitutional conditions of confinement when he was kept without clothing in a frigid, isolated cell and chained to a table during his pretrial detention, in violation of the Fourth Amendment, do not imply the invalidity of the underlying criminal conviction. These claims therefore may be able to proceed. *Savory*, 947 F.3d at 430–31 ("Claims that relate only to the conditions of confinement and that do not implicate the validity of the conviction or sentence are not subject to the *Heck* bar."). However, these claims are lacking in detail. When were guns drawn on him, and by whom? When was he chained to a table, and by whom? Who took his clothing and put him in a frigid, isolated cell?

Additionally, as already noted, the Court cannot grant Plaintiff's requested relief that his conviction be rescinded (and consequently that he be removed from the sex offender registry). So in any amended complaint, Plaintiff must seek an appropriate form of relief for these claims. If he seeks monetary damages, he should state a dollar amount and what it is based on

---

report, etc. imply the invalidity of Plaintiff's criminal conviction and therefore cannot proceed at this time.

Any claims against Simon, Burke, and Judge would likely also be barred by principles of prosecutorial, public defender, and judicial immunity. *See Hale v. Lefkow*, 239 F. Supp. 2d 842, 844 (C.D. Ill. 2003) ("Judicial immunity is a common law doctrine that shields judges from civil liability for their judicial actions." (citing *Tucker v. Outwater*, 118 F.3d 930, 932 (2d Cir. 1997))); *Tobey v. Chibucos*, 890 F.3d 634, 649 (7th Cir. 2018) (collecting cases and noting that prosecutors are generally "absolutely immune from [a] suit[] challenging conduct intimately associated with the judicial phase of the criminal process"); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("With respect to Dodson's § 1983 claims against Shepard, we decide only that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."(footnote omitted)).

(lost wages, emotional distress, etc.). Finally, the Court puts Plaintiff on notice that his claims may be barred by the statute of limitations. For events that occurred before 2018, the applicable statute of limitations is six years; for events that occurred in 2018 and after, the applicable statute of limitations is three years. *D'acquisto v. Love*, No. 20-C-1034, 2020 WL 5982895, at *1 (E.D. Wis. Oct. 8, 2020) (citing Wis. Stat. § 893.53). If Plaintiff's amended complaint affirmatively shows that his claims are barred by the statute of limitations, the Court will dismiss those claims. *Thomas v. Thomas*, 22-CV-01893-JPH-TAB, 2022 WL 16572383, at *1 (S.D. Ind. Nov. 1, 2022) ("[C]laims should be dismissed at screening when it is clear on the face of the complaint that they are barred by statutes of limitations." (citing *Dickens v. Illinois*, 753 F. App'x 390, 392 (7th Cir. 2018))).

Plaintiff will be given an opportunity to amend his complaint to correct these issues. If Plaintiff chooses to proceed in this case with excessive force and/or conditions of confinement claims, his amended complaint must provide more detail of the "who, what, when, where, how, why" of those claims. If he does not know the names or identities of the law enforcement or correctional officers who were involved, he may describe them as John/Jane Doe defendants. He must also specify what relief he seeks, and he may not seek relief in the form of invalidation of his State Case conviction.

If Plaintiff's true goal is to overturn his State Case conviction, the current case is not the correct way to do so. Therefore, any amended complaint must omit claims and requests for relief implying that his conviction is invalid, including but not limited to claims that his conviction is invalid because of Kuhn's conduct and/or defects with the warrant, that Simon engaged in ineffective assistance of counsel, and that Burke and

Judge engaged in misconduct. If Plaintiff wants to challenge his conviction in the State Case on any of those bases, he may attempt to raise those claims in state postconviction proceedings or a federal habeas petition. If Plaintiff wants such efforts to be his *sole* focus, and does not intend to seek monetary relief from anyone involved in his State Case, then he may voluntarily dismiss this case rather than filing an amended complaint.

4.  **CONCLUSION**

For the reasons stated above, the Court will give Plaintiff leave to file an amended complaint that addresses the deficiencies explained above. Any amended complaint must be filed on or before **August 26, 2024**. The Court is enclosing a copy of its amended complaint form and instructions.

Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and any defendants with notice of what the defendants allegedly did or did not do to violate his rights.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998) (citing *Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995)). In such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* (quoting *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961)). In other words, any amended complaint must include all of the allegations and claims (including those from the original complaint) that Plaintiff wishes to make, in a single filing without reference to other documents.

If an amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915. If Plaintiff does not file an amended complaint by the below-stated deadline, or files an amended complaint that remains deficient, the Court will dismiss this case without prejudice and deny as moot Plaintiff's motion for leave to proceed without prepayment of the filing fee.

Accordingly,

**IT IS ORDERED** that on or before **August 26, 2024**, Plaintiff shall submit an amended complaint using the provided form and in accordance with the instructions provided herein; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank non-prisoner amended complaint form along with this Order.

Dated at Milwaukee, Wisconsin, this 5th day of August, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiff will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.