# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PHILIP PADILLA,<br><br>                         Plaintiff,<br><br>v.<br><br>JAMIE KUHN, OFFICER JANE DOE 1, OFFICER JANE DOE 2, and TODD SIMON,<br><br>                         Defendants. | Case No. 24-CV-821-JPS<br><br><br>**ORDER** |

## 1.     INTRODUCTION

On July 1, 2024, Plaintiff Philip Padilla ("Plaintiff"), proceeding pro se, filed this action alleging violations of his civil rights related to a state criminal proceeding against him. ECF No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. ECF No. 2. The Court screened the original complaint and, "finding that it present[ed] significant pleading deficiencies, grant[ed] Plaintiff leave to file an amended complaint that corrects those deficiencies." ECF No. 5 at 1. Plaintiff filed an amended complaint that raises allegations against police officers Jamie Kuhn ("Kuhn") and two Jane Doe officers and against his defense attorney Todd Simon ("Simon"). ECF No. 6. The Court herein screens the amended complaint and, finding that Plaintiff's claims are time-barred and/or unable to proceed under 42 U.S.C. § 1983, dismisses the case and denies as moot Plaintiff's motion for leave to proceed in forma pauperis.

## 2.     MOTION TO PROCEED IN FORMA PAUPERIS

A party proceeding pro se may submit to the court a request to proceed without prepaying the otherwise required filing fees, otherwise known as a motion to proceed in forma pauperis.[1] "The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits." *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Nietzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. It must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). The Court must also examine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

---

[1] Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner *pro se* litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997) (superseded by rule on other, inapplicable grounds); *see also Mitchell v. Farcass,* 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring).

It follows that a litigant whose complaint does not clear the 28 U.S.C. § 1915(e)(2) threshold or does not plead claims within the Court's subject matter jurisdiction, and whose case cannot proceed as a result, necessarily cannot reap the benefits of proceeding in forma pauperis. In other words, although in forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc*. 461, F.2d 649, 651 (7th Cir. 1972), a pro se litigant's financial status is only part of the picture in determining whether the litigant's case may proceed without payment of the filing fee.

For the reasons stated in the next section, Plaintiff's complaint does not clear the 28 U.S.C. § 1915(e)(2) threshold and this lawsuit may not proceed. Accordingly, regardless of Plaintiff's financial circumstances, the Court must deny as moot his motion for leave to proceed in forma pauperis.

### 3. SCREENING THE COMPLAINT

#### 3.1 Legal Standard

As noted above, when a pro se litigant seeks to proceed in forma pauperis, the Court must screen the litigant's complaint prior to service on defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2); or the case is outside of the Court's subject matter jurisdiction, Fed. R. Civ. P. 12(h).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke*, 490 U.S. at 325); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900

(7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 3.2  Plaintiff's Factual Allegations

Plaintiff alleges that, "on August 13th of 2017," Kuhn and Officers Jane Doe 1 and 2 "chased [him] down in [his] car, pulled [him] over and drew guns on [him]." ECF No. 6 at 2.[2]

Plaintiff was taken to the Oconto County Jail. *See id.* at 2, 4. Officer Jane Doe 1 "handcuffed [Plaintiff] to a table" and interrogated him. *Id.* at 2. Kuhn and Officers Jane Doe 1 and 2 laughed at Plaintiff as he was chained to the table. *Id.* Officer Jane Doe 2 "got aggressive with" Plaintiff while putting him back into the police car. *Id.* Officer Jane Doe 1 stripped Plaintiff of his clothing and put him in a "suicidal jacket" which made it difficult for Plaintiff to move his legs. *Id.* at 2, 4. Plaintiff was put in a "frigid, isolated" room and left there, in the suicide jacket and without a blanket, for two days before Plaintiff could purchase a thin sweater from the jail commissary. *Id.* at 4. Overall Plaintiff spent thirty days in isolation. *Id.*

---

[2] As the Court previously noted, ECF No. 6 at 5, Plaintiff's allegations relate to a past state criminal case. *See State of Wisconsin v. Philip J. Padilla*, Oconto County Case No. 2017CF000101, *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2017CF000101&countyNo=42&index=0&mode=details (last visited Aug. 28, 2024) (hereinafter the "State Case"). The Court may take judicial notice of public records, including state court records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

In that case, Plaintiff entered a no-contest plea, and accordingly was adjudicated guilty, of one count of enticing a child to engage in sexual contact; he faced another charge which was eventually dismissed. State Case, "Charges" section. He was sentenced on March 2, 2018 to fifteen months of imprisonment followed by three years of extended supervision. *Id.*, "Charges" section and Mar. 2, 2018 docket entry.

Plaintiff also briefly alleges that "[t]here was . . . evidence of entrapment" on his phone but Kuhn had his phone destroyed. *Id.*

Simon was Plaintiff's defense attorney in the State Case. *See* State Case *generally*. Plaintiff expresses dissatisfaction with Simon's representation of him during the criminal case. *Id.* He says that Simon "kept no notes of his meetings with" Plaintiff during the 87 days that Plaintiff was in jail. *Id.* He seems to take issue with the advice Simon gave him to not go to trial and instead enter a no-contest plea. *Id.* (alleging Simon said he could "only get [Plaintiff] probation if it were any other county but Oconto" and asked Plaintiff if he was "sure [he] want[ed] to go to trial?").

Plaintiff alleges that these occurrences amounted to a violation of his rights under the Fourth and Sixth Amendments, causing him reputation harm, emotional distress, and loss of wages. *Id.* at 5. For relief on these alleged violations, Plaintiff seeks monetary damages. *Id.*

### 3.3 Analysis

The Court understands Plaintiff's amended complaint as attempting to raise the following claims:

- A claim that he was subjected to excessive force when officers chased him, drew guns on him, and placed him in a police vehicle, in violation of the Fourth and/or Fourteenth Amendments;

- A claim that he was subjected to unconstitutional conditions of confinement when he was chained to a table, kept in a suicidal vest, and kept in a frigid, isolated cell during his pretrial detention, in violation of the Fourteenth Amendment;

- A claim that Simon was constitutionally ineffective as Plaintiff's defense lawyer, contributing to an unfavorable outcome in the State Case, in violation of the Sixth Amendment; and

- A claim that his conviction in the State Case is invalid because Kuhn and/or Officers Jane Doe 1 and 2 entrapped him and then Kuhn destroyed his phone.

As with Plaintiff's original complaint, there are a number of problems with Plaintiff's amended complaint. The first problem is that the statute of limitations for Plaintiff to bring these claims under 42 U.S.C. § 1983 for violations of his civil rights has passed, as the Court previously warned him was likely. ECF No. 5 at 12.

For events that occurred before 2018, the applicable statute of limitations is six years; for events that occurred on or after April 5, 2018 when the Wisconsin legislature amended the relevant statute, the applicable limitations period is three years. *Murphy v. Wis. Dep't of Corrs.*, No. 21-CV-52-PP, 2021 WL 1546130, at *4 (E.D. Wis. Apr. 20, 2021) (citing Wis. Stat. § 893.54 and *Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018)). When a complaint affirmatively shows that the plaintiff's claims are barred by the statute of limitations, the Court should dismiss those claims. *Thomas v. Thomas*, 22-CV-01893-JPH-TAB, 2022 WL 16572383, at *1 (S.D. Ind. Nov. 1, 2022) ("[C]laims should be dismissed at screening when it is clear on the face of the complaint that they are barred by statutes of limitations." (citing *Dickens v. Illinois*, 753 F. App'x 390, 392 (7th Cir. 2018))).

The allegations in Plaintiff's amended complaint together with consideration of judicially-noticeable facts demonstrate that his claims are time-barred. Plaintiff affirmatively alleges that the events he complains of began when he was detained by Kuhn and Officers Jane Doe 1 and 2 on August 13, 2017. He also states that he was held in pretrial detention at the Oconto County Jail for at least 87 days. He was sentenced in the State Case on March 2, 2018. *See supra* note 2. His claims challenge (1) the amount of

Page 7 of 11
Case 2:24-cv-00821-JPS    Filed 08/28/24    Page 7 of 11    Document 7

force used against him at the time of arrest, (2) the conditions of confinement during pretrial detention, (3) Simon's competency as his trial attorney (that is, in the pretrial phase, until Plaintiff entered his no-contest plea), and (4) the validity of his conviction, which was entered in March 2018. But all of these claims are time-barred.

The statute of limitations for any claim based on Plaintiff's arrest commenced on August 13, 2017 and therefore expired six years later on August 13, 2023. Plaintiff sued on July 1, 2024, well after that deadline. Accordingly, this claim is time-barred.

Even assuming that his other three claims accrued sometime between August 2017 and March 2018, after he was arrested and either during his 87-day pretrial detention or during the pretrial phase of the State Case—thus applying the more generous six-year state of limitations—these claims are all time-barred as well, because Plaintiff failed to bring them in before March 2024, when the six-year limitations period expired. If Plaintiff's other claims accrued on or after April 5, 2018, when Wisconsin updated the relevant statute of limitations, then the applicable limitations expired for those claims *three* years later (in April 2021), so all those claims are time-barred as well. Further, the Court notified Plaintiff that his claims might be time-barred and accordingly he had the opportunity to add facts and argument supporting application of tolling doctrines, *see* ECF No. 5 at 12; nothing in the amended complaint supports application of such doctrines.

Additionally—as the Court previously warned Plaintiff—his claims that Simon was ineffective as defense counsel and that his conviction is invalid cannot proceed as constitutional rights claims under 42 U.S.C. § 1983. ECF No. 5 at 9–10. "[Any] claims that challenge the validity of

Page 8 of 11
Case 2:24-cv-00821-JPS    Filed 08/28/24    Page 8 of 11    Document 7

[Plaintiff's] conviction—that is, his claims that his conviction is invalid because of Kuhn's conduct . . . [or] of ineffective assistance of counsel against Simon . . . cannot proceed through the present lawsuit." *Id.* at 10; *id.* at 12–13 ("[A]ny amended complaint must omit claims . . . implying that his conviction is invalid, including but not limited to claims . . . [related to] Kuhn's conduct . . . [or] that Simon engaged in ineffective assistance of counsel . . . ").³ And even though Plaintiff now seeks only monetary damages, "he can only seek monetary damages from Defendants for their conduct in his state criminal investigation and prosecution if his conviction for the underlying crime is overturned." *Id.* (citing *Moore v. Wisconsin*, No. 19-CV-124-JPS, 2019 WL 3858633, at *4 (E.D. Wis. Aug. 16, 2019)). The State Case docket indicates that the conviction remains in place. The Court therefore cannot grant relief on Plaintiff's Sixth Amendment claim against Simon and his claim that Kuhn and Officers Jane Doe 1 and 2 entrapped him and/or destroyed his phone. *Savory v. Cannon*, 947 F.3d 409, 430 (7th Cir. 2020); *Moore*, 2019 WL 3858633, at *2–4 (noting that "Plaintiff may not seek to have his conviction overturned under 42 U.S.C. § 1983" and that his "recourse, if he wishes to attack the validity of his conviction, is to . . . have the . . . conviction overturned, 'either in state proceedings or through a federal collateral attack under 28 U.S.C. § 2254,'" i.e., a federal petition for habeas corpus (quoting *Henderson v. Bryant*, 606 F. App'x 301, 304 (7th Cir. 2015))).

---

³Any § 1983 claim against Simon is also barred because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted).

Because all of the discernible claims in the amended complaint are time-barred and/or unable to proceed as § 1983 claims at this time, the Court must dismiss Plaintiff's case.

4. **CONCLUSION**

For the reasons stated above, the Court will dismiss this case. Because the claims raised are time-barred, the dismissal will operate with prejudice. *See Ammons v. Cook County*, No. 11 C 5010, 2012 WL 2368320, at *3 (N.D. Ill. June 20, 2012) (citing *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000)). The Court will further deny as moot Plaintiff's motion for leave to proceed without prepayment of the filing fee, ECF No. 2.

Accordingly,

**IT IS ORDERED** that Plaintiff Philip Padilla's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of August, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.